FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW THOMAS FERGUSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:26-cv-00114-RLP

ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

**ECF No. 19**

Before the Court is Pro Se Plaintiff Matthew Thomas Ferguson's Motion for a Continuance to Prepare Amended and Supplemented Complaint. ECF No. 19. Mr. Ferguson requests 45 days to file an Amended Complaint addressing deficiencies raised by the United States and pleading a new "block of time of the alleged continuing tort" that was administratively exhausted after the filing of the first Complaint. *Id.*

## BACKGROUND

Mr. Ferguson's motion comes after the filing of a Motion for *Sua Sponte* Dismissal by the United States. ECF No. 17. In that motion, the United States alleges that Mr. Ferguson's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as too amorphous and conclusory. *Id.*

After Mr. Ferguson filed his motion requesting leave to file an amended complaint, the United States filed a reply opposing Mr. Ferguson's request. ECF No. 21. The United States opposes the request because "Plaintiff has already drafted four Complaints on the subject matter and has not provided any showing that his fifth Complaint (First Amended here) will cure the insufficiencies that his four prior complaints did not." *Id.* at 4:7–9.

The United States asserted Mr. Ferguson first alleged the claims in Case No. 2:25-CV-00455-RLP, then in Case No. 2:25-CV-00514 RLP, and in both instances was given the opportunity to amend the complaint. ECF No. 21.

In the first case, the Court dismissed the action after Mr. Ferguson's amended complaint failed to state a claim because it failed to allege that the United States waived its sovereign immunity to suit. ECF No. 11, Case No. 2:25-cv-00455-RLP. Specifically, the Court noted that although Mr. Ferguson referenced the Federal Tort Claims Act (FTCA), under which the United States has waived its sovereign immunity to tort claims, Mr. Ferguson did not seek money damages,

which are the only form of relief available under the FTCA. ECF No. 6, Case No. 2:25-cv-00455-RLP.

In the second case, Mr. Ferguson moved to voluntarily dismiss the complaint after the Court indicated the complaint failed to allege that the Court had jurisdiction to hear the claims. ECF Nos. 7–9, Case No. 2:25-cv-00514-RLP. The Court noted that Mr. Ferguson's claims appeared to stem from the Spokane VAMC's denial of services to him and that the Court lacks jurisdiction to hear those claims. ECF No. 7, Case No. 2:25-cv-00514-RLP.

Mr. Ferguson's complaint in the instant case appears to attempt to remedy the deficiencies from the prior cases. Now, Mr. Ferguson alleges negligence claims against the United States and requests monetary damages. ECF No. 1. The United States seeks dismissal of the complaint for claim insufficiency, arguing that the complaint is "too amorphous and conclusory." ECF No. 17 at 10. Mr. Ferguson seeks leave to amend the complaint. ECF No. 19.

LEGAL STANDARD

A party may amend its pleading before trial once as a matter of course, no later than 21 days after serving the pleading or 21 days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a). If a party misses those deadlines, the party may amend its pleading with the opposing party's consent or

the court's leave. *Id.* "The court should freely give leave when justice so requires." *Id.*

Courts consider five factors when determining whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The third factor—prejudice to the opposing party—is the most important factor. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

However, pro se plaintiffs are afforded "the benefit of any doubt," and courts "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal citations and quotations omitted). Courts must provide a pro se plaintiff with "notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (internal citations and quotations omitted).

ANALYSIS

Giving Mr. Ferguson, a pro se plaintiff, "the benefit of any doubt," he has seemingly attempted to address the deficiencies of his prior complaints by filing

the instant complaint, and it is not "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.*

Mr. Ferguson's prior complaints were deficient because they failed to allege waiver of sovereign immunity to suit and failed to seek available relief under the FTCA. ECF Nos. 6, 11, Case No. 2:25-cv-00455-RLP; ECF Nos. 7–9, Case No. 2:25-cv-00514-RLP. Mr. Ferguson's complaint in the instant case appears to attempt to remedy the deficiencies from the prior cases. Now, Mr. Ferguson alleges negligence claims against the United States and requests monetary damages. ECF No. 1.

The United States' assertion that the complaint suffers from "generalities, ambiguities and conclusory factual and legal claims," ECF No. 21 at 4, is well-taken, as Federal Rule of Civil Procedure 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). But while the United States' claims of deficiency are sound, the Court cannot be certain that Mr. Ferguson could not cure these deficiencies by amendment. Additionally, on balance, the five factors discussed in *In re W. States Wholesale Nat. Gas Antitrust Litig.* weigh in favor of granting Mr. Ferguson leave to amend the complaint. 715 F.3d at 738. Thus, the Court will allow Mr. Ferguson to amend the complaint.

**Accordingly, IT IS ORDERED:**

1. Plaintiff's Motion for a Continuance to Prepare Amended and Supplemented Complaint, **ECF No. 19**, is **GRANTED**.

2. **Plaintiff may file an Amended Complaint within thirty (30) days of the date of this order**, which must include sufficient facts to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 8. **Conclusory accusations are insufficient.**

The Amended Complaint shall consist of a short and plain statement showing that Plaintiff is entitled to relief, **along with allegations of specificity**, including:

a. the names of the persons who caused or personally participated in the acts giving rise to the claims;

b. the dates on which the conduct of Defendant allegedly took place; and

c. the specific conduct or actions that Plaintiff alleges were wrongful.

Furthermore, any Amended Complaint must be organized by causes of action. Plaintiff should number each cause of action, label the cause of action appropriately (including statute the cause of action arises under, if applicable), and state which defendant(s) the cause of action is against. Under each cause of action, Plaintiff should (re)state the facts that support the cause of action, the elements of his cause of action, and how the facts give rise to liability. This section should

include an explanation of what statutes Defendant violated, if any, and explain in detail how Defendants violated what portions of what statute. The facts should be numbered by paragraph. *See* FRCP 8. Additionally, Plaintiff must also provide a short and plain statement of the grounds for the court's jurisdiction for each claim. *Id.*

**THE AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRIOR AND PRESENT COMPLAINTS.** The Amended Complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the prior or present complaints by reference, and **IT MUST BE CLEARLY LABELED THE "AMENDED COMPLAINT" and case number 2:26-cv-00114-RLP must be written in the caption.**

3. The United States' Motion to Dismiss, **ECF No. 17**, is **DENIED as moot** without prejudice. The United States may renew the motion upon Plaintiff's filing of the Amended Complaint.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide a copy to Plaintiff and counsel for Defendant.

DATED October 15, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE